IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONALD ANTHONY HATCHER on behalf of AARON CHRISTIAN HATCHER,<br><br>   Plaintiff,<br><br>v.<br><br>MEMBERS OF THE FULTON COUNTY SCHOOL DISTRICT, MELANIE PICKENS, KATHERINE DORN DURDEN, VICKIE PERDUE SCOTT, PAULA MERRITT, DOROTHY A. PETTES, FRANCES BOYD, DR. EDWARD SPURKA, BRANDON O. MOULARD, JUDGE HENRY NEWKIRK, and JUDGE JOHN MATHER,<br><br>   Defendants. | CIVIL ACTION NO.<br>1:20-cv-03209-MLB |

## ORDER AND FINAL REPORT & RECOMMENDATION

Plaintiff, proceeding *pro se*, seeks to file a civil complaint *in forma pauperis* ("IFP") without prepayment of fees or court costs under 28 U.S.C. § 1915(a)(1) against various members of the Fulton County Board of Education, teachers, other public education officials, two attorneys, and two state judges. (Doc. 1-1).

The Court may authorize the commencement of an action without prepayment of fees if the claimant submits an affidavit attesting "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  After consideration of Plaintiff's affidavit of indigency, the motion to proceed *in forma pauperis* (Doc. 1) is **GRANTED** pursuant to § 1915(a).  However, for the reasons stated below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action for lack of subject matter jurisdiction.

Plaintiff's complaint seeks a writ of mandamus from this Court to compel a Georgia court to "answer to the many inconsistencies in the lower court's record," which led to a summary judgment ruling against Plaintiff.  (Doc. 1-1 at 1).  In his factual allegations, Plaintiff explains that he filed suit in 2011 against several of the defendants for actions related to the death of his son, and he alleges that there were numerous errors in the state court proceedings.  (*Id.* at 3–6).  Plaintiff cites 28 U.S.C. § 1361 and O.C.G.A. § 50-13-19 as the bases for this Court's jurisdiction.  (*Id.* at 2).

Federal mandamus relief is available to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007).  In general, "[f]ederal district courts do not have the authority to issue writs of mandamus to direct state officials in the performance of their duties." *Church of Scientology of Ga., Inc. v. City of Sandy Springs, Ga.*, 843 F. Supp. 2d 1328, 1380

(N.D. Ga. 2012) (citations omitted); *see Cahill v. Kendall*, 202 F. Supp. 2d 1322, 1330 (S.D. Ala. 2002) (quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986)).

Moreover, under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to review a state-court judgment or the correctness of the rulings or procedures leading up to that judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating that the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Bailey*, 226 F. App'x at 924 ("Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought."). Pleading a constitutional violation also does not provide a district court with jurisdiction to review the state-court ruling. *See Casale v. Tillman*, 558 F.3d 1258 (11th Cir. 2009) (declining to review a state-court contempt order relating to the parties' divorce decree, even though the plaintiff had raised federal questions about the sufficiency of the state-court judgment).

Here, this Court lacks jurisdiction over Plaintiff's complaint. The entirety of Plaintiff's factual allegations relate to alleged errors from state-court proceedings by education officials (who the undersigned assumes were defendants in the state-court

case), his attorney, opposing counsel, and two state judges. Because this Court cannot issue a writ of mandamus to state officials to perform any action, Plaintiff's claims against any Georgia education officials are foreclosed. *See Church of Scientology*, 843 F. Supp. 2d at 1380. Moreover, Plaintiff's request for this Court to review an adverse state-court ruling falls squarely within the jurisdictional bar under *Rooker-Feldman*.[1] *See Exxon Mobil Corp.*, 544 U.S. at 284; *Bailey*, 226 F. App'x at 924. Plaintiff's citation to 28 U.S.C. § 1361—which only allows for mandamus relief against *federal*, not state, officials—and O.C.G.A. § 50-13-19, which provides for judicial review by Georgia state courts, is no basis for this Court to exercise jurisdiction in this case.

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** for lack of subject matter jurisdiction. The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

IT IS SO **ORDERED** on this 12th day of November 2020.

*R. Cannon*
REGINA D. CANNON
United States Magistrate Judge

---

[1] To the extent Plaintiff's allegations and request for damages could be construed to assert claims against the state-court judges under 42 U.S.C. § 1893, those judges are entitled to absolute immunity. *See McCullough v. Finley*, 907 F.3d 1324, 1330–31 (11th Cir. 2018).