# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Ronald Anthony Hatcher on behalf
of Aaron Christian Hatcher,

                Plaintiff,        Case No. 1:20-cv-3209-MLB

v.

Members of the Fulton County
School District, et al.,

                Defendants.

_____/

## <u>ORDER</u>

Plaintiff Ronald Anthony Hatcher, proceeding pro se, seeks a writ of mandamus from this Court to compel a Georgia court to "answer to the many inconsistencies in the lower court's record," which led to a summary judgment ruling against Plaintiff. (Dkt. 1-1 at 1.)  In 2011, Plaintiff filed suit against several of the defendants for actions related to the death of his son.  (*Id.* at 3.).  He alleges there were numerous errors in the state court proceedings and cites 28 U.S.C. § 1361 and O.C.G.A. § 50-13-19 as the bases for this Court's jurisdiction.  (*Id.* at 2, 4–6.)

The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the Court dismiss Plaintiff's action for lack of subject matter jurisdiction.  (Dkt. 6.)  When, as here, a party files no objections to a magistrate judge's recommendation, a court reviews the record for plain error.  *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  After doing so, the Court finds no error in the Magistrate Judge's recommendation.

The Magistrate Judge found that this Court has no general power to issue writs of mandamus to direct a state official in the performance of his or her official duties.  (Dkt. 6 at 2.)  The Court finds no plain error. *See Moye v. Clerk, DeKalb Superior Court,* 474 F.2d 1275, 1276 (5th Cir. 1973) ("[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.");[1] *Davis v. Lansing,* 851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts have no general power to compel action by state officials[.]"); *Church of*

---

[1] Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

*Scientology of Ga., Inc. v. City of Sandy Springs*, 843 F. Supp. 2d 1328, 1380 (N.D. Ga. 2012) ("Federal district courts do not have the authority to issue writs of mandamus to direct state officials in the performance of their duties.").

The Magistrate Judge also found that, under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to review a state-court judgment or the correctness of the rulings or procedures leading up to the judgment. (Dkt. 6 at 3.)  The Court finds no plain error.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgment"); *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) ("Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought."); *Casale v. Tillman*, 558 F.3d 1258 (11th Cir. 2009) (finding that pleading a constitutional violation does not provide a district court with jurisdiction to review a state-court ruling).

The Magistrate Judge found the Court lacks jurisdiction over Plaintiff's complaint. (Dkt. 6 at 3.) The Court finds no plain error because Plaintiff's factual allegations relate to alleged errors in state-court proceedings by education officials, his attorney, opposing counsel, and two state judges. Plaintiff's claims against Georgia education officials are foreclosed because this Court cannot issue a writ of mandamus to direct state officials in the performance of their duties. *See Church of Scientology*, 843 F. Supp. 2d at 1380. Plaintiff's request for this Court to review an adverse state-court ruling falls within the bar under *Rooker-Feldman*. *See Exxon Mobil Corp.*, 544 U.S. at 284. Insofar as Plaintiff's allegations and request for damages could be construed to assert claims against the state-court judges under 42 U.S.C. § 1893, those judges are entitled to absolute immunity. *See McCullough v. Finley*, 907 F.3d 1324, 1330–31 (11th Cir. 2018). Plaintiff's citations to 28 U.S.C. § 1361—which only allows mandamus relief against *federal* officials— and O.C.G.A. § 50-13-19—which provides for judicial review by Georgia state courts—are misplaced, as neither allows this Court to exercise jurisdiction in this case.

4

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 6) and **DISMISSES** this action for lack of subject matter jurisdiction.

**SO ORDERED** this 24th day of February, 2021.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE